IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD KIMBRO,

        Plaintiff,                    No. 2: 12-cv-2154 KJN P

        vs.

MIRANDA, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On February 12, 2013, the court ordered the United States Marshal to serve the complaint on defendants.  Process directed to defendant Norman was returned unserved because "resigned, no longer employed at High Desert State Prison."  On March 29, 2013, the court granted plaintiff sixty days to provide additional information to serve this defendant.

        On May 24, 2013, plaintiff filed a letter with the court stating that the D Yard at Kern Valley State Prison ("KVSP"), where he is housed, has been on lockdown since March 28, 2013.  Plaintiff alleges that due to the lockdown, he has been unable to obtain law library access.  Plaintiff alleges that without law library access, he is unable to obtain the additional information required for service of defendant Norman.

1

Counsel for defendants Hougland, Miranda, McBride, Clark, Leone, Morris and Kelly shall query the Department of Corrections and Rehabilitation to ascertain the whereabouts of defendant Norman.[1]  If defendant Norman is still employed with the Department of Corrections or Rehabilitation or any other California state agency, counsel shall provide the business address to plaintiff.  If counsel is otherwise informed of the business address of defendant Norman, counsel shall provide the address to plaintiff.  In the event that counsel, after conducting a good faith inquiry, cannot ascertain the business address of defendant Norman, counsel shall so inform the court.  Defendants' counsel shall file and serve the appropriate response within twenty days of the file date of this order.

Plaintiff also requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

////

---

[1] Defendants Hougland, Miranda, McBride, Clark, Leone, Morris and Kelly are represented by the Attorney General's Office.  Defendant LaJeunesse is represented by private counsel.

1    Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty days of the date of this order, counsel for defendants Hougland, Miranda, McBride, Clark, Leone, Morris and Kelly shall provide the further information discussed above regarding defendant Norman;

2. Plaintiff's motion for appointment of counsel (ECF No. 33) is denied.

DATED: June 11, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kim2154.8sup