UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KIMBRO,<br><br>        Plaintiff,<br><br>    v.<br><br>MIRANDA, et al.,<br><br>        Defendants. | No. 2:12-cv-2154 MCE KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On October 11, 2013, the undersigned recommended that the motion to dismiss filed on behalf of defendants Hougland, Miranda, McBride, Clark, Leone, Morris and Kelly for failure to exhaust administrative remedies be granted. (ECF No. 52.) In part, the undersigned found that plaintiff failed to exhaust his administrative remedies as to his claim that defendant Miranda failed to return him to Reno for surgery. (Id.) Plaintiff has filed objections to the findings and recommendations. (ECF No. 54.) For the following reasons, the October 11, 2013 findings and recommendations are vacated and defendants are ordered to file further briefing.

In his objections, plaintiff argues that he exhausted his administrative remedies as to his claim that defendant Miranda failed to return him to Reno for surgery. Plaintiff argues that his grievance filed August 28, 2009 exhausted this claim. Defendants' motion to dismiss addressed

1

this grievance.  This grievance was partially granted at the informal level of review.  (See ECF No. 30-2 at 11.)  Because plaintiff did not exhaust this grievance to the final level of review, this grievance did not exhaust administrative remedies.

In his objections, plaintiff also alleges that he filed an emergency grievance on September 7, 2008 requesting surgery.  Defendants' motion to dismiss did not address this grievance.  Plaintiff argues that this grievance was improperly screened out on grounds that it was not an emergency.  Plaintiff alleges that he did have a medical emergency because he went "man down" two days later and turned out to be very ill because he had not received his second surgery.

In his objections, plaintiff also states that he did not identify defendant Miranda in his September 7, 2008 grievance because he did not know that defendant Miranda was his primary care provider.  Attached to plaintiff's objections is a copy of this grievance.  In the section of the grievance for describing the problem, plaintiff states,

> I am due for surgery on kidney stones soon.  Blood in urin[e].  Stints in kidneys. Pain meds have run out.  Need refill.  No one is doing anything for.  Saw Doctor Andrews last week.  He refused refill saying I must see some other doctor.  Surgery was supposed to be a few weeks ago.  Need meds refilled now!!

(ECF No. 54 at 4.)

In the section of the grievance labeled "Action Requested," plaintiff wrote, "Refill meds A.S.A.P.  Having hearing with pain management.  This is second 602.  Saw nurses and doctors in plenty of time for refill. Just not being done."  (Id.)

At the bottom of the grievance, a handwritten note states, "To CMO for emer review."  (Id.)  After that is another handwritten note stating, "9-10-8.  Not an emergency.  Saw PCP yest."  (Id.)  The name of the person who signed the note is not legible.  (Id.)

In his objections, plaintiff alleges that he saw defendant Miranda on September 9, 2008, at which time all sick slips and 602s were discussed concerning plaintiff's many attempts to obtain his second surgery and medications.

Defendants are directed to file further briefing addressing whether plaintiff's September 7, 2008 grievance exhausted his administrative remedies as to his claim that defendant Miranda failed to return him to Reno for his second surgery.  Defendants shall address whether this

1 grievance, including plaintiff's September 9, 2008 interview with defendant Miranda, put
2 defendants on notice that plaintiff was complaining that he had not received his second surgery as
3 scheduled.  Defendants shall also address whether the grievance was improperly screened out
4 based on plaintiff's claim that he had a medical emergency because he went "man down" two
5 days later based on his failure to receive a timely surgery.  See Sapp v. Kimbrell, 623 F.3d 813,
6 822-23 (9th Cir. 2010) (improper screening of an inmate's administrative grievance renders
7 administrative remedies "effectively unavailable.")

8       On October 11, 2013, the undersigned granted the motion to dismiss for failure to state a
9 claim filed on behalf of defendants Hougland, Miranda, McBride, Clark, Leone, Morris and Kelly
10 with leave to amend as to the following claims:  1) defendants McBride and Kelly used excessive
11 force; and 2) defendant Clark failed to give plaintiff his medication on December 23, 2008.  (ECF
12 No. 52.)  The undersigned noted that plaintiff's original complaint contained six other colorable
13 claims on which the action would proceed if plaintiff did not file an amended complaint.  (Id.)

14       On November 4, 2013, plaintiff filed an amended complaint containing only his excessive
15 force claims against defendants McBride and Kelly.  (ECF No. 56.)  On November 8, 2013,
16 plaintiff filed an amended complaint containing only his claim that defendant Clark failed to give
17 him his medication on December 23, 2008.  (ECF No. 58.)

18       Local Rule 220 requires that all complaints be complete without reference to other
19 documents.  In other words, piecemeal amendment of complaints is not permitted.  A complaint
20 must contain all claims against all defendants.  Plaintiff's amended complaints do not comply
21 with Local Rule 220 because they do not contain all claims against all defendants.  Plaintiff's
22 amended complaint must include all claims on which he wishes to proceed, including those which
23 were not dismissed.  Accordingly,  plaintiff's amended complaints (ECF No. 56 and 58) are
24 disregarded.  Also disregarded is defendant McBride and Kelly's answer to plaintiff's November
25 4, 2013 amended complaint.  (ECF No. 60).

26       On November 14, 2013, Judge England granted defendant LaJeuenesse's motion to
27 dismiss with leave to amend.  (ECF No. 59.)  No time has been set for the filing of an amended
28 complaint as to the claims against defendant LaJeunnesse.

Following resolution of the issue of whether plaintiff has exhausted his administrative remedies as to his claim that defendant Miranda failed to return him to Reno for his second surgery, the court will issue an order setting the deadline for the filing of plaintiff's amended complaint. The court will clearly advise plaintiff as to which claims he may amend. Until that time, plaintiff shall not file an amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The October 11, 2013 findings and recommendations are vacated;
2. Within fourteen days of the date of this order, defendants shall file the further briefing discussed above; and
3. Plaintiff's amended complaints filed November 4, 2013 and November 8, 2013 (ECF No. 56 and 58), and the answer filed November 25, 2013 (ECF No. 60), are disregarded.

Dated:  December 3, 2013

kimb2154.fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE