UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KIMBRO,<br><br>    Plaintiff,<br><br>v.<br><br>MIRANDA, et al.,<br><br>    Defendants. | No. 2:12-cv-2154 MCE KJN P<br><br><br><br>**ORDER** |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On February 24, 2015, the Magistrate Judge filed Findings and Recommendations herein (ECF No. 99), which were served on all parties and which contained notice that any objections to the Findings and Recommendations were to be filed within fourteen days. Both Plaintiff and Defendants filed objections to the Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds that, with the exception of its analysis of Defendant Miranda, the Findings and Recommendations are supported by the record and by proper analysis. For the reasons that follow, the Findings and Recommendations are ADOPTED AS

MODIFIED by this Order.

Plaintiff underwent kidney surgery on July 9, 2008.[1] Although Plaintiff received prescriptions for pain medication and antibiotics after the operation, those prescriptions were set to expire on or shortly after August 18, 2008—the day Plaintiff was scheduled to have surgery on his other kidney. The second surgery, however, did not occur on August 18. Concerned that he would be without his medications, beginning on August 14, Plaintiff filed several health care service requests forms. Despite his attempts to have his prescriptions refilled, Plaintiff went without some of the medications between August 18 and September 9.

Although Plaintiff submitted multiple health care service request forms about his expiring prescriptions, Defendant Miranda (a physician's assistant) did not learn of the issue until August 28, 2008. On August 28, Miranda refilled Plaintiff's prescription for Tramadol without actually meeting with Plaintiff. On August 30, Miranda refilled Plaintiff's prescription for Morphine and discontinued the prescription for Phenazopyridine. When Miranda finally met with Plaintiff on September 9, Plaintiff indicated that he still had not received the Tramadol because it was non-formulary. Miranda then completed a "non-formulary request form" to activate the Tramadol prescription, cancelled the Morphine prescription, and prescribed Tylenol with Codeine and Pyridium for ten days.

The Findings and Recommendations suggest that the Court deny Miranda's Motion for Summary Judgment because "the record demonstrates that plaintiff received no medication for the pain associated with his kidney problems between August 29, 2008 and September 5, 2008." ECF No. 99 at 14. The Findings and Recommendations specifically fault Miranda for renewing the non-formulary Tramadol, twice noting that Miranda "should have known that plaintiff would have to wait to receive Tramadol." Id. at 13, 14.

---

[1] The Court finds no error in the statement of facts in the Findings and Recommendations. The following summary is included in this Order only for clarity of analysis.

But even if Miranda should have anticipated the delay in the administration of Tramadol—an inference without evidentiary support—no rational trier of fact examining the record as a whole could find that Miranda acted with deliberate indifference to Plaintiff's serious medical needs. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"). Of particular relevance are the following undisputed facts: Miranda renewed the prescription for the Tramadol on August 28, the very day that he learned of its expiration; on August 30, Miranda renewed the prescription for Morphine; and, when he finally met with Plaintiff on September 9, Miranda cancelled the morphine prescription and prescribed Tylenol with Codeine and Pyridium.

Plaintiff's frustration is certainly understandable: Despite submitting several health care service request forms before his prescriptions even expired, the medical staff failed to timely renew Plaintiff's prescriptions and he went several consecutive days without pain medication and antibiotics. Nevertheless, deliberate indifference "focuses on the duties and responsibilities of . . . individual defendants," Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), and is a "high legal standard," Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). While Miranda could have taken additional precautions, a rational trier of fact examining the record as a whole could not find that his failure to do so amounted to deliberate indifference to Plaintiff's serious medical needs.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed February 24, 2015 (ECF No. 99) are ADOPTED AS MODIFIED by this Order;

2. Defendants' Motion for Summary Judgment (ECF No. 85) is GRANTED IN PART AND DENIED IN PART. Specifically, Defendant's Motion is GRANTED as to Plaintiff's claims against Defendant Miranda and Defendant Hougland, as well as the exposure-to-the-elements claim against Defendants Kelly, Leone, McBride, and Morris. However, Defendants' Motion is DENIED as to Plaintiff's claims against Defendant Clark

and the excessive force claim against Defendants Leone and Morris.

        3. The Clerk of the Court is directed to dismiss Defendant Miranda, McBride, and Kelly from this case.

    IT IS SO ORDERED.

Dated: April 28, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT