UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KIMBRO, | No. 2: 12-cv-2154 MCE KJN P |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| MIRANDA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel, brought this civil rights suit under 42 U.S.C. § 1983. This action is set for jury trial before the undersigned on February 8, 2016, as to the following Eighth Amendment claims: 1) whether defendant Clark denied plaintiff's request for medication on September 18, 2008; and 2) whether defendants Leone and Morris used excessive force against plaintiff on December 23, 2008.

Presently before the court is Defendants' Motion to Sever Claims. (ECF No. 117.) Pursuant to Federal Rules of Civil Procedure, Rules 20 and 21, Defendants move to sever plaintiff's claims because they do not meet the requirements for permissive joinder.[1] Assuming Plaintiff has satisfied the requirements for permissive joinder,

---

[1] All further references to "Rule" or "Rules" shall be to the Federal Rules of Civil Procedure unless otherwise indicated.

1

Defendants move to sever the claims for trial on grounds that they would be prejudiced if forced to defend their claims together. Defendants request that the jury trial date remain unchanged, that the Court hold the first trial concerning the claims against Defendant Clark, and that after the conclusion of the first trial, the Court select a new jury and hold a second trial concerning plaintiff's claims against Defendants Leone and Morris.

For the following reasons, Defendants' Motion to Sever is DENIED.

## BACKGROUND

This action proceeds on the original complaint filed August 17, 2012. ECF No. 1. The Court originally ordered service of defendants Clark, Hougland, Miranda, McBride, Clark, Leone, Morris, Kelly, Norman and LeJeunesse. Plaintiff alleged that following his transfer to High Desert State Prison ("HDSP"), he received inadequate medical care for kidney problems, including a claim that Defendant Clark denied him medication on September 18, 2008. Id. at 7.

Plaintiff also alleged that on December 23, 2008, he was at his cell door with his water and identification, waiting for medication to be delivered. Id. at 10. Defendant Clark passed Plaintiff by, claiming that Plaintiff had the wrong light on. Id. Defendant Clark accused Plaintiff of refusing his medication even though he immediately turned the right light on after being informed of his mistake. Id. Plaintiff subsequently became angry and threatened to go "man down." Id.

Plaintiff alleged that later that day, defendants McBride and Kelly came to Plaintiff's cell and told him that he was being taken to see the sergeant. Id. Defendants McBride and Kelly then handed plaintiff off for transport to defendants Leone and Morris. Id. Plaintiff alleges that during the transport, Defendants Leone and Morris used excessive force against him. Id.

On May 16, 2013, Defendants Leone and Morris filed an answer to the complaint. ECF No. 29. On May 16, 2013, Defendants Clark, Hougland, Kelly, McBride and

Miranda filed a motion to dismiss on grounds that plaintiff had failed to administratively exhaust some of his claims and on grounds that other claims failed to state a colorable claim for relief. ECF No. 30. In relevant part, Defendants moved to dismiss plaintiff's claim that Defendant Clark failed to give him his medication on December 23, 2008, for failing to state a colorable claim for relief. Defendants conceded that Plaintiff's claim that defendant Clark denied him his medication on September 18, 2008, was colorable.

On December 23, 2013, Magistrate Judge Newman granted Defendants' motion to dismiss Plaintiff's claim that Defendant Clark failed to give Plaintiff his medication on December 23, 2008, with leave to amend. ECF No. 64. Because Plaintiff did not file an amended complaint, Plaintiff's claim alleging that Defendant Clark failed to give him his medication on December 23, 2008, was dismissed on April 16, 2014. ECF No. 81.

On September 5, 2014, Defendants filed a summary judgment motion as to all remaining claims. ECF No. 85. On April 29, 2015, the court denied Defendants' summary judgment motion as to the claims against Defendants Clark, Leone and Morris, now set for trial. Defendants filed the pending motion to sever on August 28, 2015, and Plaintiff timely opposed. ECF No. 117.

**STANDARD**

On a Rule 21 motion to sever claims, courts first consider whether the parties were properly joined under Rule 20. Knight v. City of Sacramento Police Dep't, No. 2:12-cv-0346, 2014 WL 1883962 at *1 (E.D. Cal. May 12, 2014). Rule 20(a)(2) provides for the joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any questions of law or fact common to all defendants will arise in the action." Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg.

3

Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977) (citation omitted). "'[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" League to Save Lake Tahoe, 558 F.2d at 917 (quoting United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966)).

Even if the parties were properly joined under Rule 20, the Court still has discretion to grant a motion to sever if it finds that "(1) a joint trial would result in substantial prejudice to the moving party, or (2) a joint trial would result in substantial jury confusion." Knight, 2014 WL 1883962 at *1. The Court may also order a separate trial of one or more claims "[f]or convenience, to avoid prejudice," or for purposes of judicial economy. Rule 42(b); Thomas v. Wilber, No. 1:10-cv-00006, 2015 WL 4615911 at *2 (E.D. Cal. July 31, 2015).

## ANALYSIS

### A.  Initial Joinder of Claims

Rule 20(a)(2) provides that Defendants may be permissively joined in one action if any right to relief is asserted against them "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[.]" Plaintiff's complaint was statutorily screened for cognizability, and this case proceeded forward on multiple claims against Defendants. In particular, Plaintiff's claims against Defendants Clark, Leone and Morris regarding incidents occurring on December 23, 2008, were allowed to proceed. These claims were properly joined because it appeared that plaintiff's alleged transport to the sergeant's office by Defendants Leone and Morris stemmed from the earlier incident involving Defendant Clark. These claims were in turn properly joined to Plaintiff's claim that Defendant Clark denied him his medication on September 18, 2008, because they were a part of a series of occurrences in which Defendant Clark denied Plaintiff his medication. Although the Court's later dismissal of Plaintiff's claim against

Defendant Clark for denying him his medications on December 23, 2008 defeats the connection between Defendants Leone's and Morris' conduct on December 28 and Clark's denial of Plaintiff's medication on September 18, Plaintiff's claims were properly joined in one action at the pleading stage. Fed. R. Civ. P. 18, 20; League to Save Lake Tahoe, 558 F.2d at 917. Accordingly, the decision of whether to sever Plaintiff's claims is a matter of the Court's discretion. Knight, 2014 WL 1883962 at *1.

**B.    The Court Will Not Sever Plaintiff's Claims And Order Separate Trials**

The Court declines to sever Plaintiff's claims and order separate trials of Defendant Clark and Defendants Leone and Morris. It is not convenient, expeditious, or economical to conduct two jury trials on the two remaining claims against the three defendants, none of which is legally or factually complex. Knight v. City of Sacramento Police Dep't, 2014 WL 1883962, at *3 (E.D. Cal. May 12, 2014). "These factors are of even greater significance in a district laboring under one of the heaviest caseloads in the country, a caseload comprised in large part of pro se cases which can be especially susceptible to material changes between the initial pleading stage and trial as related to joinder of claims and/or parties." Thomas v. Wilber, 2015 WL 4615911 at * 3 (E.D. Cal. 2015). "Routine bifurcation for trial of claims that were initially properly joined would result in an insurmountable burden on this district." Id. "Thus, the factors of convenience, expeditiousness, and judicial economy weigh strongly against bifurcation, and the critical factor here is whether it would unfairly prejudice defendants to have the claims against them tried before one jury in one trial." Id.; see Knight, 2014 WL 1883962, at *3; Green, 226 F.R.D. at 633–34. The court is not persuaded that it would.

Given that Plaintiff's remaining claims arising from two incidents are neither legally nor factually complex, the Court finds that any risk of prejudice due to jury confusion or conflation of issues is purely speculative. See Knight, 2014 WL 1883962, at *3 (denying motion to bifurcate where denial would not prejudice the defendants, potential jury confusion would be substantially mitigated through jury instructions and bifurcation would substantially burden the Court's resources); Green, 226 F.R.D. at 634

(denying motion to bifurcate because bifurcation would likely confuse the jury, would be inconvenient, would not be economical, and there was little if any potential for undue prejudice to defendant).  Further, any risk of confusion or conflation is readily ameliorated through jury instructions and separate verdict forms.  Benson, 2015 WL 2208444, at *16–17; Knight, 2014 WL 1883962, at *3.  The facts in this case are unlikely to shock, inflame, or otherwise taint the jury, thereby leading to unfair prejudice.  See Hirst v. Gertzen, 676 F.2d 1252, 1254 (9th Cir. 1982) (one theory of liability was that prisoner was murdered by electrocution and then hanged afterward to disguise the murder).  Given the efficiencies that would result from adjudicating both of Plaintiff's in the same action, and the lack of corresponding prejudice to Defendants, the Court declines to exercise its discretion to sever Plaintiff's claims under rule 21 or hold separate trials under Rule 42(b).  Defendants' Motion to Sever is therefore DENIED.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendants' Motion to Sever (ECF No. 117) is DENIED.

IT IS SO ORDERED.

Dated:  November 19, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT